IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORTEZ L. MOORE, #K-59741,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00261-MJR |
| | ) |
| **S. HILL, JOHN DOES,** | ) |
| **KIMBERLY BUTLER,** | ) |
| **BILLIE GREER, and** | ) |
| **JOHN BALDWIN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Cortez L. Moore, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff claims that on March 13, 2015, his cell light went out when the fan in his housing unit was turned on. (Doc. 1, p. 4). That same day, Plaintiff informed Defendant John Doe #1, a correctional officer, about the light; John Doe #1 told Plaintiff that he would submit a work order. *Id*. Over the next eight days, Plaintiff repeatedly reminded Defendant John Doe #1, and informed Defendant John Doe #2 (another correctional officer), that the lights were not working in his cell and requested that they speak to maintenance about the situation. *Id*. Although Defendants John Doe 1 and 2 said that they would fill out work orders, no one from maintenance came to replace the lights. *Id*. On March 21, Plaintiff spoke to Defendant John Doe #3, a lieutenant assigned to his housing unit, about the lights. John Doe #3 told Plaintiff that he had not been informed of the situation, but assured Plaintiff that he would submit a work order form. *Id*. at 5. But again, nothing was done to fix the lights.

On March 23, Plaintiff submitted a grievance to Defendant Hill, the grievance counselor,

complaining about being left in the dark for 10 days. *Id*. A week later, Defendant Hill responded that the grievance had been received and a work order had been submitted, but as before, Plaintiff's cell remained without light. *Id*. Finally, on April 5, Plaintiff filed an emergency grievance with Defendant Butler, warden at Menard, regarding the lights and the extreme cold in his cell. *Id*. On April 9, Plaintiff received a response from Defendant Butler noting that Plaintiff's grievance did not constitute an emergency. *Id*. at 6. Subsequently, Plaintiff appealed the decision to Defendant Baldwin, director of the Illinois Department of Corrections, and the Administrative Review Board. *Id*.

It is unclear when exactly the light in Plaintiff's cell was replaced. At the very least, it appears that Plaintiff was without light from March 13 until April 5, 2015. It is also unclear just exactly how dark Plaintiff's cell was during that time period. Plaintiff states that he had to lay on the floor in order to read or play chess "by moonlight or outside dimness." *Id*. at 5. Plaintiff also mentions in passing that his cell was extremely cold at that time and that he became ill lying on the cold cell floor. *Id*.

Plaintiff seeks punitive damages and injunctive relief.

## Discussion

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

In determining whether a particular condition constitutes cruel and unusual punishment, courts have noted that the Eighth Amendment "does not provide a fixed formula" but instead "'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981)).

In the instant case, Plaintiff asserts that he was confined to a cold, dark cell for over three weeks. Whether these allegations rise to the level of stating a claim under the Eighth Amendment is a close call. The degree to which the cell was dark and cold, and the extent to which these conditions posed a risk to Plaintiff's health and safety are questions of fact that cannot be determined at this time. As such, out of an abundance of caution, the Court will allow Plaintiff to proceed on his claim that the conditions violated his rights under the Eighth Amendment. The next question at this stage then is whether Plaintiff has sufficiently alleged that the named Defendants were deliberately indifferent.

Plaintiff's alleges that he personally notified Defendants John Doe #1-3 (correctional officers), Hill (grievance officer), and Butler (warden) about the lighting issue and requested assistance from each of them while the situation was ongoing, yet they all delayed in addressing the problem. Prison officials who are made aware of an ongoing constitutional violation and have a reasonable opportunity to prevent the violation, yet deliberately or recklessly fail to do so may be held personally liable. *See Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015); *see also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Accordingly, Plaintiff may proceed on his Eighth Amendment conditions claim against Defendants John Doe #1-3, Hill, and Butler at this time.

Plaintiff may not, however, proceed on his claims against Defendants John Doe #4 (grievance officer), Baldwin (director of the Illinois Department of Corrections), and Greer (staff member at the Administrative Review Board). The exact claim against these individuals is unclear, but it appears to boil down to an assertion that they mishandled or otherwise did not properly respond to his grievances. The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not alone create liability. Instead, in order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As discussed above, a grievance officer, like Defendant Hill, may be held personally liable if she had actual knowledge of a constitutional deprivation, yet failed to intervene to address the violation. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (reversing dismissal of claims against grievance officers). But the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" cannot be a basis for liability under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff does not claim that Defendants John Doe #4, Baldwin, or Greer were made aware of the alleged unconstitutional conditions at a time when they would have realistically been able to do anything about it. Any alleged mishandling of his grievances once the condition had been addressed does not state a constitutional claim. As such, Defendants John Doe #4, Baldwin, and Greer are dismissed from this action without prejudice.

One final note regarding identifying the John Doe defendants: these individuals must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections

officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the Magistrate Judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **JOHN DOE #4, BALDWIN,** and **GREER** are **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his Eighth Amendment conditions of confinement claim against Defendants **JOHN DOE #1-3, HILL,** and **BUTLER.**

The Clerk of Court shall prepare for Defendants **HILL** and **BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **JOHN DOES #1-3** Defendants until such time as Plaintiff has identified these individuals by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 13, 2016**

s/ MICHAEL J. REAGAN  
**CHIEF JUDGE**  
**United States District Court**
